IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| CHIEF JAIL ADGER et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:15-CV-2947-TWT-GGB |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is a state prisoner who, pro se, recently filed two complaints under 42 U.S.C. § 1983. (Doc. 1); Compl., *Terrell v. Jones*, No. 1:15-cv-2255-TWT-GGB (N.D. Ga. June 18, 2015). I recommended that the first complaint be dismissed because it is barred by the Prison Litigation Reform Act's three strikes provision. R&R, *Jones*, No. 1:15-cv-2255-TWT-GGB, ECF No. 3. Shortly after I issued my Report and Recommendation, Plaintiff filed his second complaint. (Doc. 1 (complaint dated August 14, 2015).) Plaintiff did not pay the filing and administrative fee for either action.

Plaintiff's complaints concern his recent confinement at the Fulton County Jail, where he was housed while his motion for new trial was pending in the Fulton County Superior Court. (*Id.*) On August 20, 2015, a few days after Plaintiff filed his most recent complaint, he was returned to Autry State Prison. Jail Records,

http://justice.fultoncountyga.gov/PAJailManager/JailingSearch (last visited Aug. 27, 2015).

As explained in my Report and Recommendation in the prior case, the three strikes provision bars Plaintiff from proceeding *in forma pauperis* because he has filed, while incarcerated, at least three cases that were dismissed as frivolous or for failure to state a viable claim. R&R, *Jones*, No. 1:15-cv-2255-TWT-GGB, ECF No. 3; *see* 28 U.S.C. § 1915(g). The three strikes provision bars this action too.

As he did in the prior case, and in earlier cases, Plaintiff alleges that people have threatened to harm him during his incarceration, which is an apparent attempt to invoke the imminent danger exception to the three-strikes bar. (Doc. 1.) But none of Plaintiff's allegations demonstrate that he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff's description of events that allegedly happened at the prison in 2014 does not show that he currently is in imminent danger. (Doc. 1 at 3-4); *see Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (exception applies to "a present imminent danger, as opposed to a past danger"). Nor does Plaintiff's contention that his cellmate at the Fulton County Jail is dangerous, (Doc. 1 at 6-8), meet the imminent danger requirement because Plaintiff is no longer at the jail.

2

When the three strikes provision bars an action, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Id.*

Accordingly, **I RECOMMEND** that Plaintiff be denied leave to proceed *in forma pauperis* and that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this 10th day of September, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE